```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at LONDON

PATRICIA JOHNSON,              )
                               )
     Plaintiff,                )
                               )   Civil Action No. 07-374-JMH
                               )
v.                             )
                               )
MICHAEL J. ASTRUE, COMMISSIONER)   MEMORANDUM OPINION AND ORDER
OF SOCIAL SECURITY,            )
                               )
     Defendant.                )
                               )
                               )
```

        \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 11 and 12][1] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action stems from Plaintiff's fourth application for Disability Insurance Benefits and Supplemental Security Income payments, which was filed on February 22, 2005. (Transcript of Record "Tr." 18). Plaintiff has previously filed three applications for disability benefits. Plaintiff's November 10,

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

1999, application was denied initially, on reconsideration, and by the Administrative Law Judge ("ALJ"). (Tr. 279-86). The Appeals Council declined to review. Plaintiff appealed to this Court and on April 19, 2002, District Judge Unthank affirmed the Commissioner's decision that Plaintiff was not disabled. (Tr. 52-60).

On December 14, 2000, during the pendency of her 1999 application, Plaintiff filed a second application which was also denied initially, upon reconsideration and by ALJ Rising's decision dated August 12, 2002. (Tr. 70-78). Plaintiff appealed the ALJ's denial of her 2000 application and she filed a third application on August 23, 2002. Plaintiff's third application was denied initially, upon reconsideration, and by an ALJ's decision dated March 9, 2004. During the pendency of her third appeal, the Appeals Council remanded the August 12, 2002, decision to ALJ Rising. Upon further consideration, ALJ Rising again issued an unfavorable decision, dated December 17, 2004. (Tr. 314-23). The Appeals Council denied review of ALJ Rising's December 17, 2004 decision and Plaintiff filed an action in this Court. By Memorandum Opinion and Order dated November 18, 2005, District Judge Unthank affirmed ALJ Rising's December 17, 2004 decision and the Commissioner's determination that Plaintiff was not disabled. (Tr. 575-85).

It was during the pendency of Plaintiff's 2002 application

that she filed the instant application on February 22, 2005. Plaintiff's application was denied initially and upon reconsideration. ALJ Alderisio conducted a hearing on April 6, 2006. (Tr. 678-91). On June 19, 2006, ALJ Alderisio issued a decision denying Plaintiff's application for benefits. (Tr. 18-26). The Appeals Council denied review and Plaintiff appealed to this Court. (Tr. 10-12). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of ALJ Alderisio's April 6, 2006 hearing, Plaintiff was 41 years old. (Tr. 683). She has a high school education and past relevant work as a fast food worker and bus driver. (Tr. 19). After reviewing the entire record, ALJ Alderisio found, *inter alia*, that Plaintiff suffers from a number of conditions but that she did not have one, either singly or in combination, which met a listed impairment. (Tr. 21). The plaintiff does not point to any listed impairment which her condition, either singly of combination, satisfies. Rather, she challenges the ALJ's finding that she possessed the residual functional capacity to perform various jobs in the national economy.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

3

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.
>
> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. ANALYSIS

Plaintiff's primary argument is that ALJ Alderisio erred when he determined that Plaintiff possesses the residual functional capacity ("RFC") to perform a limited range of light work. Specifically, Plaintiff argues that ALJ Alderisio improperly based Plaintiff's RFC on the RFC ALJ Rising assigned to Plaintiff in his December 17, 2004 decision. Plaintiff also argues that ALJ Alderisio erred in relying on the testimony of the vocational

expert ("VE") because the hypothetical question asked of the VE did not accurately portray Plaintiff's impairments.

## A. Plaintiff's Residual Functional Capacity

In determining Plaintiff's current RFC, ALJ Alderisio properly considered Plaintiff's RFC as determined by ALJ Rising in his December 17, 2004 decision. ALJ Alderisio was correct to recognize that unless Plaintiff presented new and material evidence documenting a change in her circumstances, he was bound by the findings of ALJ Rising. *See Drummond v. Comm'r of Social Security*, 126 F.3d 837 (6th Cir. 1997); *see also* Acquiescence Ruling 98-4(6), 63 Fed. Reg 29, 771, 1998 WL 283902 (1998) ("When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."). To support her argument that ALJ Alderisio improperly determined that she cannot perform a limited range of light work, Plaintiff points to medical evidence of disc herniation, an MRI scan revealing degenerative disc changes, and Dr. Maxey's findings of impairment. This medical evidence was previously considered by

the Commissioner and discussed in the 2002 and 2004 decisions on Plaintiff's applications. The same evidence was also considered by District Judge Unthank and reflected in his 2005 Order on Plaintiff's appeal.

ALJ Alderisio specifically found that the medical evidence dated after December 17, 2004, failed to show a decline in Plaintiff's overall condition so as to warrant a departure from Plaintiff's previous RFC, as determined by ALJ Rising. While Plaintiff testified that her condition has deteriorated since ALJ Rising's December 17, 2004 decision, Plaintiff presented no objective medical evidence of a worsening of her condition. ALJ Alderisio noted that Plaintiff's medical treatment since December 17, 2004, has been very sporadic. On January 31, 2005, Plaintiff was seen at East Bernstadt Medical Clinic for medication refills, where she reported that her back problems would "act up at times" and that she was concerned about her blood pressure. (Tr. 20). Plaintiff returned to the Clinic on September 19, 2005, and despite complaints that her back pain was "acting up," a physical examination revealed that Plaintiff's straight leg raising was normal, as were her reflexes. Plaintiff's March 8, 2006 visit to the Clinic was for treatment of an upper respiratory infection.

Plaintiff also argues that there was sufficient evidence to substantiate a diagnosis of a medically determinable mental impairment. Pl. Br. 8. Contrary to Plaintiff's contention, the

7

mental health records dated prior to ALJ Rising's December 17, 2004, decision do not demonstrate that Plaintiff's mental impairment caused significant functional limitations. On the occasions when Plaintiff was seen by a mental health therapist, it was determined that her condition was stable and that she had no mental health impairments of significant concern[2]. (Tr. 491-99). The assessments of the state agency mental health professionals also support ALJ ALderisio's finding that Plaintiff's mental health did not cause severe impairments. (Tr. 513-26, 528-41).

In conclusion, there is substantial evidence to support ALJ ALderisio's determination that there was no new material medical evidence to warrant a deviation from Plaintiff's RFC as previously determined by ALJ Rising.

**B. Vocational Expert**

Plaintiff assigns as error the ALJ's failure to include a sit/stand option in his hypothetical question to the vocational expert ("VE"). Additionally, Plaintiff asserts that the ALJ erred by failing to include any nonexertional mental restrictions in his hypothetical question to the VE.

Contrary to Plaintiff's assertion, ALJ Rising's hypothetical question to the VE - which was subsequently relied on by ALJ

---

[2] Plaintiff states that she did not have the financial resources to seek treatment on a regular basis; however, the ALJ did not base his decision solely on the lack of medical records. The ALJ made a affirmative finding that Plaintiff's medical records did not support her subjective complaints.

8

Alderisio - did include a sit/stand option. ALJ Rising posited the following to the VE:

> First, I'll ask you to assume a range of light-level exertion, but within settings that would afford **the option to alternate between sitting or standing position**; no more than occasional climbing, stooping, crouching; no crawling, no kneeling, no pushing, no pulling; no exposure to heights, moving machinery, vibration, or temperature extremes. (emphasis added).

The hypothetical question asked of the ALJ included a sit/stand option. Accordingly, Plaintiff assignment of error is without merit.

Finally, Plaintiff contends that the ALJ should have included in his question to the VE an instruction regarding nonexertional mental restrictions. An ALJ is only required to incorporate into the hypothetical question limitations which he accepts as credible. *See Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). There was substantial evidence to support the ALJ's determination that Plaintiff did not require nonexertional mental restrictions. On numerous occasions Plaintiff's mental health therapists reported that Plaintiff's mental condition was stable and that there were no significant areas of concern. (Tr. 491-99). It was also reported that Plaintiff had a friendly, cooperative, alert, and appropriate demeanor, *id.*, and that she had no functional impairments in personal care, daily living, cognitive and intellectual functioning and societal and role functioning. (Tr. 504). Based on the foregoing, there was substantial evidence

9

to support the ALJ's determination that the question posed to the VE did not require an instruction regarding nonexertional mental restrictions.

## V. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED:**

(1) That the defendant's motion for summary judgment [Record No. 12] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 11] be, and the same hereby is, **DENIED.**

This the 8th day of July, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge